```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


DAVID W. ROSADO,                  )
     Petitioner,                  )    CIVIL ACTION NO.
                                  )    02-10359-DPW
     v.                           )
                                  )
PETER ALLEN,                      )
     Respondent.                  )
```

              MEMORANDUM AND ORDER
                June 29, 2007

The petitioner in this state habeas corpus proceeding under 28 U.S.C. § 2254 seeks a Certificate of Appealability pursuant to 28 U.S.C. § 2253 as to one of the several grounds for relief that I rejected in dismissing his petition.  *See generally Rosado v. Allen*, 482 F. Supp. 2d 94 (D. Mass. 2007).  At issue in his Application for a Certificate of Appealability is the petitioner's assertion that his trial counsel did not engage a psychological expert to explore a mental capacity defense and was therefore ineffective.  I rejected that ground on two alternative bases:  first, I concluded, after an evidentiary hearing, that the petitioner's trial counsel did not perform ineffectively in failing to consult a mental health professional when determining what defenses to pursue; and second, I concluded that even if trial counsel's performance could be said to be ineffective, there was no prejudice to the petitioner.  *Id.* at 100-113.

In addressing an Application for a Certificate of Appealability, I must evaluate whether my conclusions can be said to be fairly debatable in the sense that reasonable jurists might

dispute them, even if every jurist of reason would ultimately agree after consideration that the petitioner should not prevail. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  I must also consider whether the grounds presented "deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotes omitted).

With respect to whether counsel in this case performed effectively, I find my conclusion to be debatable within the meaning of *Miller-El*.  There is a tension in the case law between what might be called a categorical approach and what might be called a contextual approach.  The categorical approach suggests that in every case where a mental capacity defense might be raised, defense counsel who fails to obtain a mental health expert is ineffective.  The contextual approach, on the other hand, seeks to evaluate ineffectiveness in the broader setting of the facts and circumstances of the particular case.  This debate is well illustrated by successive opinions of the United States Court of Appeals for the First Circuit in the same state habeas corpus proceeding.  *Compare Genius v. Pepe*, 50 F.3d 60, 60-61 (1st Cir. 1995) (Aldrich, J.) (declaring categorically "[w]here insanity would have been a complete defense, it was inexcusable not to pursue it" because, as the petitioner observed, "he had nothing to lose by having an insanity examination.") with *Genius v. Pepe*, 147 F.3d 64, 67-68 (1st Cir. 1998) (Boudin, J.)

(upholding rejection of the ineffectiveness claim after evidentiary hearing by the District Court on remand).  Given this tension between the categorical and the contextual approaches to the issue of ineffective assistance raised by this case, I conclude that my determination that counsel was not ineffective in this case is debatable.

With respect to the issue of prejudice, however, I find that a Supreme Court decision handed down last week effectively forecloses debate on the record developed in this case.

In *Fry v. Pliler*, 127 S. Ct. 2321 (2007), the Supreme Court held that:

> in § 2254 proceedings a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the "substantial and injurious effect" standard set forth in *Brecht* [v. *Abrahamson*], 507 U.S. 619 [(1993)], whether or not the state appellate court recognized the error . . .

*Id.* at 2328.  In this case, as in *Fry*, the state court failed to recognize the potential constitutional error.  As I noted in my Memorandum and Order dismissing the petition here, the Supreme Judicial Court of Massachusetts seems to have mistakenly concluded that trial counsel engaged a psychological expert.  *Rosado*, 482 F. Supp. 2d at 102.  Consequently, I conducted an evidentiary hearing to evaluate both the performance and the prejudice prongs of the petitioner's ineffectiveness claim.  In *Fry*, the debate between the Justices in the majority and those

3

who concurred in part and dissented in part was a debate not over the legal issue whether the *Brecht* standard for evaluating prejudice in state habeas corpus proceedings was too demanding (all agreed it was appropriate) but rather over how the standard should be applied.  As is apparent from the Memorandum and Order I issued dismissing this petition, *Rosado*, 482 F. Supp. 2d at 109-13, following a full evidentiary hearing, my application of federal court review of a state habeas corpus petition employed the approach of the Justices who concurred and dissented.  I reached "fair assurance, after pondering all that happened without stripping the [debatably] erroneous action from the whole, that the judgment was not substantially swayed by the [debatable] error."  *Fry*, 127 S. Ct. at 2330 (Stevens, J., concurring in part and dissenting in part) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)).  Specifically, "having fully explored in the broadest context what the expert testimony would be[,] I f[ound] that it would not have created a different result for Rosado."  *Rosado*, 482 F. Supp. 2d at 113.  That finding "involved a weighing of the probative value of proffered evidence" in light of the other aspects of the trial proceeding.  *Fry*, 127 S. Ct. 2330-31 (Breyer, J., concurring in part and dissenting in part), and affords no debatable basis for concluding that the "substantial and injurious" *Brecht* standard for assessing prejudice in § 2254 proceedings can be met.  This

is a basis for rejecting the petition which does not deserve encouragement to proceed further.  Consequently, I find that the lack of prejudice basis upon which I rejected the ineffectiveness ground for relief cannot serve as a basis for issuing a Certificate of Appealability.

Accordingly, having concluded that one of two adequate and independent grounds for denying the petitioner relief will not support a Certificate of Appealability, I hereby deny the petitioner's Application.

/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE